# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| **Terrance Alfonso Dudley,** | Civ. No. 13-3400 (DSD/HB) |
| **Plaintiff,** | |
| v. | REPORT AND RECOMMENDATION |
| **Tom Roy, Jeff Peterson, Jason Rudolph, Yolanda Galvan, Steve Hammer, Adam Gierok, Kobi Phillips, and Gene Olson,** | |
| **Defendants.** | |

HILDY BOWBEER, United States Magistrate Judge

This case is before the undersigned United States Magistrate Judge *sua sponte*, subsequent to the mandate issued by the United States Court of Appeals for the Eighth Circuit [Doc. No. 32]. For the reasons set forth below, the Court recommends that the case be dismissed for failure to prosecute.

## I.   BACKGROUND

Plaintiff Terrance Alfonso Dudley, a state prison inmate,[1] initiated this action

---

[1] Plaintiff's custodial status has changed during the course of these proceedings. When Plaintiff filed his complaint, he was incarcerated at the Minnesota Correctional Facility ("MCF") in Rush City, Minnesota. He was later released and changed his address to one in St. Paul, Minnesota. (Letter, Mar. 4, 2014 [Doc. No. 13].) By April 30, 2014, Plaintiff was again incarcerated, this time at the MCF in Lino Lakes, Minnesota. (Notice Change Address, Apr. 30, 2014 [Doc. No. 17].) According to the Minnesota Department of Corrections website, Plaintiff remains housed at MCF-Lino Lakes, with an anticipated release date of December 15, 2014.
https://coms.doc.state.mn.us/publicviewer//Inmate.asp?OID=208107 (last visited Dec. 9,

pursuant to 42 U.S.C. § 1983 on December 10, 2013.  (Compl. at 1 [Doc. No. 1].)  He contemporaneously filed a Motion for Leave to Proceed In Forma Pauperis ("IFP application") [Doc. No. 2] and a Motion Requesting Lawyer Representation [Doc. No. 3].

In an Order dated December 27, 2013, the Honorable Jeanne J. Graham, United States Magistrate Judge, now retired, found Plaintiff's IFP application deficient because he did not provide a certified copy of his prison trust fund account statement as required by 28 U.S.C. § 1915(a)(2).  (Order at 2-3, Dec. 27, 2013 [Doc. No. 4].)  Judge Graham instructed Plaintiff to (1) file an amended IFP application and (2) pay the initial partial filing fee required by § 1915(b)(1).  (*Id.* at 3.)  Plaintiff was advised that if he complied with these directives, his complaint would be screened pursuant to 28 U.S.C. § 1915A.  (*Id.* at 4.)  If the complaint survived screening, Plaintiff would be granted IFP status and his case would proceed.  (*Id.*)  If the complaint contained no cognizable claims, however, the case would be dismissed summarily and the unpaid balance of the filing fee would have to be paid as prescribed by § 1915(b)(2).  (*Id.*)

On January 31, 2014, Plaintiff filed a Motion to Amend Complaint [Doc. No. 6] and an amended IFP application [Doc. No. 8], but did not pay the requisite filing fee [*see* Order at 1, Feb. 10, 2014 [Doc. No. 10]).  Judge Graham issued an order calculating the amount of the initial partial filing fee as $5.51 and informing Plaintiff that the action would not proceed until he paid the fee.  (Order at 2, Feb. 10, 2014 [Doc. No. 10].)  Judge

---

2014).  If Plaintiff is indeed released on December 15, 2014, his incarceration status and address will change again.

Graham also advised Plaintiff that he was eligible to amend his complaint as a matter of course, without court permission, but he would have to file an entirely new, all-inclusive pleading that would replace his original complaint. (*Id.* at 2-3.) Plaintiff was given until February 28, 2014, to file an amended complaint, and was warned that if he did not do so, he would waive his right to amend as a matter of course. (*Id.* at 3.)

Plaintiff next filed a motion requesting (1) an extension of time to file an amended complaint, (2) copies of all papers filed in the case, and (3) a blank prisoner complaint form and notice of appeal form [Doc. No. 11]. He also paid the $5.51 filing fee. In an order dated April 24, 2014, Judge Graham denied Plaintiff's request for copies, but granted his request for additional time to file an amended complaint. As to the latter, Judge Graham noted:

> Plaintiff's current pleading suffers from a host of critical defects. Given the substantial infirmities of Plaintiff's original complaint, it certainly would behoove him to amend. . . . Indeed, because of the substantial deficiencies of Plaintiff's original complaint, he will be required to file an amended complaint if he intends to continue to prosecute this action.

(Order at 2, Apr. 24, 2014 [Doc. No. 14].) Plaintiff was given explicit instructions for filing an amended complaint and was warned that if he did "not file an amended complaint by May 9, 2014, he will be deemed to have abandoned this action, and the Court will then recommend that this case be summarily dismissed without prejudice, pursuant to Fed. R. Civ. P. 41(b)." (*Id.* at 3.) Judge Graham further advised that "[g]iven the prolonged history of this case, Plaintiff should not expect any further extension of the

3

deadline for filing an amended complaint." (*Id.* at 3-4.)

On April 30, 2014, Plaintiff filed a Motion Requesting Representation [Doc. No. 15], a Motion Requesting to Proceed on an Appeal [Doc. No. 16], and a letter to the Clerk of Court asking for notice of appeal forms [Doc. No. 17]. Judge Graham issued an order on June 18, 2014, detailing the procedural history of the case and noting that although the Clerk of Court had mailed an appeal packet to Plaintiff the same day it was requested, no appeal was filed. (Order at 3, June 18, 2014 [Doc. No. 19].) In Judge Graham's view, the available actions at that time were "to recommend that this action be dismissed for failure to prosecute pursuant to Rule 41(b), to screen Plaintiff's existing complaint pursuant to § 1915A, or to allow Plaintiff one last opportunity to file an amended complaint." (*Id.*) Judge Graham chose the third option:

> Given Plaintiff's pro se status, and his ability and willingness to file other documents in this action (albeit not the amended complaint, apparently), the Court will not recommend dismissal for failure to prosecute at this time. Rather, the Court will order Plaintiff to show cause why his case should not be dismissed for lack of prosecution. **By July 18, 2014, Plaintiff must show cause by either (1) filing an amended complaint or (2) informing the Court in writing that he intends to proceed on his current complaint. If Plaintiff does not file one of these documents by July 18, 2014, the Court will find that Plaintiff has abandoned this action and recommend that the case be summarily dismissed, without prejudice, pursuant to Federal Rule of Civil Procedure 41(b).**

(*Id.*) (emphasis in original).

Plaintiff did not comply with the order. Rather, he filed a Notice of Appeal [Doc.

4

No. 20] and Motion for Permission to Appeal IFP [Doc. No. 21] on June 30, 2014.  The Honorable David S. Doty, United States District Judge, granted Plaintiff's Motion for Permission to Appeal IFP on July 8, 2014 [Doc. No. 24].  Due to the retirement of Judge Graham, the case was reassigned to the undersigned United States Magistrate Judge on August 7, 2014 [Doc. No. 28].

The Eighth Circuit dismissed Plaintiff's appeal as premature on November 4, 2014 (Order at 1, Nov. 4, 2014 [Doc. No. 31]), and the formal mandate issued on November 26, 2014 (Mandate, Nov. 26, 2014 [Doc. No. 32]).  Plaintiff has not filed any document attempting to show cause why his case should not be dismissed for lack of prosecution, nor has he communicated with the Court since his appeal was dismissed.

**II.   DISCUSSION**

Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action without prejudice when a party does not comply with a court order.  Although a court must construe pro se pleadings liberally, pro se litigants must comply with court orders and with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  A court may *sua sponte* dismiss an action without prejudice when a pro se party fails to comply with a court order.  *E.g., Thompson v. Steed*, 369 F. App'x 763, 764 (8th Cir. 2010) (affirming dismissal without prejudice for failure to prosecute when litigant failed to comply with a court order requiring him to submit a witness and exhibit list); *Fitzwater v. Ray*, 352 F. App'x 125, 126 (8th Cir. 2009) (affirming dismissal without prejudice when plaintiffs failed to comply with court order requiring them to file an amended

complaint). *See also Burgs*, 745 F.2d at 527-28 (affirming dismissal *with* prejudice where litigant failed to comply with court orders requiring him to notify the court of his intention to proceed with the case and to clarify the issues at stake).

Plaintiff has been advised repeatedly that unless he filed an amended complaint, his case would be dismissed for failure to prosecute. Most recently, the June 18, 2014, order by Judge Graham required Plaintiff to show cause why his case should not be dismissed for lack of prosecution, and warned Plaintiff that if he failed to do so, the Court would find that Plaintiff abandoned this action and would recommend that the case be dismissed without prejudice. Plaintiff did not comply with Judge Graham's June 18, 2014 order—or, for that matter, with any order requiring him to file an amended complaint—nor has he offered any excuse for his failure to do so. Rather, Plaintiff took an untimely appeal directly to the Eighth Circuit. That court dismissed the appeal as premature more than a month ago, and Plaintiff still has not filed an amended complaint or otherwise communicated with the Court. Accordingly, this Court now recommends that Plaintiff be deemed to have abandoned this action and that the action be dismissed without prejudice for failure to prosecute, pursuant to Rule 41(b). Having determined that this action should be dismissed for failure to prosecute, the Court will further recommend that Plaintiff's pending IFP application and motions be denied as moot.

## III.    RECOMMENDATION

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

6

1. This case be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b);

2. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. No. 2] be **DENIED AS MOOT**;

3. Plaintiff's Motion Requesting Lawyer Representation [Doc. No. 3] be **DENIED AS MOOT**;

4. Plaintiff's Amended Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. No. 8] be **DENIED AS MOOT**;

5. Plaintiff's Motion Requesting Representation [Doc. No. 15] be **DENIED AS MOOT**;

6. Plaintiff's Motion Requesting to Proceed on Appeal [Doc. No. 16] be **DENIED AS MOOT**;

7. Plaintiff's Motion to Appoint Counsel [Doc. No. 22] be **DENIED AS MOOT**; and

8. **JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: December 10, 2014       s/ *Hildy Bowbeer*
                                                 HILDY BOWBEER
                                                 United States Magistrate Judge

## NOTICE

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **December 29, 2014**. A party may respond to the objections within fourteen days after service thereof. Any objections or responses shall not exceed 3,500 words. The district judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.